[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE COUNTS 5, 13 AND 31 OF PLAINTIFFS' AMENDED COMPLAINT
On July 27, 2000, the plaintiffs, Patrice Ward, in her individual capacity and as administratrix of the estate of Raegan McBride, filed an amended complaint against the defendants, Kathy Greene ("Greene"), Village for Families and Children, Inc. ("Village"), State of Connecticut Department of Public Health ("DPH"), and Stephen Harriman, in his capacity as the Commissioner of the State of Connecticut Department of Public Health ("Harriman"), for damages allegedly sustained by them as the direct result of the actions or conduct of these defendants. All of the defendants have filed motions to strike, challenging a total of twenty-two of the thirty-three counts comprising the amended complaint. The court heard oral argument on the defendants' motions to strike on November 27, 2000, at which time counts eleven and twenty-nine were stricken by agreement.
The court elects to issue multiple memoranda, dealing with the motions to strike in groups which have some relationship with each other in terms of the legal issues involved.
This lawsuit arises out of the tragic death of Raegan McBride, the CT Page 3970 two-year old daughter of Patrice Ward. Raegan McBride died as a result of injuries inflicted on her by the operator of the daycare facility, Mrs. Greene. All defendants are sued on varying theories but a count for filial consortium has been alleged by plaintiff Patrice Ward in her individual capacity against each of the defendants. Since this memorandum deals only with the motions to strike the three counts claiming loss of filial consortium, further explication of the underlying facts alleged in the complaint is not necessary.
Although no appellate or supreme court has directly addressed the issue of filial consortium, the recent case of Mendillo v. Board of Education,246 Conn. 456 (1998) has declined to recognize a cause of action for parental consortium, that is a claim by a child that a tortfeasor has deprived the child of the companionship of his parent. That case, which the decision described as "a close question," refused to extend our law to recognize a cause of action for parental consortium. Thus this court is in the position of having to read our Supreme Court's "tea leaves"[1]
and predict the likely outcome of a ruling on the question of filial consortium.
The genesis of claims for loss of consortium was based on the husband's claim for interference with his right to his wife's services or society. When the Married Women's Acts were enacted throughout the country in the mid-19th century, women, who had never had a right to a claim for loss of consortium arguably gained such a right, but not in Connecticut when the 1911 decision in Marri v. Stanford Street R. Co., 84 Conn. 9 (1911) decided that neither husband nor wife were entitled to a claim for loss of consortium under Connecticut law. That decision was overruled byHopson v. St. Mary's Hospital, 176 Conn. 485 (1979) in which our Supreme Court recognized a cause of action for loss of consortium arising out of the marital relationship and of course made the cause of action applicable to either spouse.
The easiest way to distinguish Mendillo vs. Board of Education, supra, from this case and its issue of filial vice parental consortium, is to resort to the idea that, early in the development of our law, the relationship between parent and child gave a parent a quasi property right in the child, not dissimilar from the husband's right in the services and companionship of his wife prior to the enactment of the Married Women's Acts. Such an approach is so horribly outdated, and alien to modem thinking that it is not conceivable that our Supreme Court would tarry long with such an analysis.
Absent some meaningful distinction between filial and parental consortium the analysis in Mendillo must perforce control the decision here. As our Supreme Court has stated in Mendillo, "our cases suggest CT Page 3971 that the imposition of third party liability on a tort feasor is an exception to the general rule of the scope of tort liability that requires satisfaction of a special policy inquiry."
 "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the rippling of the waters, without end. The problem for the law is to limit the legal consequences of wrong to a controllable degree." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 385-386 (1994).
The Mendillo analysis is, the court predicts, likely to result in the same result as the parental consortium claim in that case. In addition, the majority of decisions by the Superior Court judges who have considered the issue, particularly since Mendillo has been released, have declined to recognize the cause of action for filial consortium. SeeNeuhaus v. Decholnoky, Superior Court, judicial district of Stamford at Norwalk, Docket No. 0153565S (January 20, 2000, Hickey, J.), Blanchettev. Desper, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn.L.Rptr. 321). See Chetta v. Taggart, supra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360104 (June 16, 1999, Skolnick, J.); Pollard Admx v. Norwalk Hospital, supra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355354 (February 18, 1999, Skolnick, J.); Accashian v. Danbury, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 417228 (January 8, 1999, Hodgson, J.) (23 Conn.L.Rptr. 656); Mello v. Hammond, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 141746 (September 23, 1998, Gill, J.); Manville v. Rockville General Hospital, Inc.,
Superior Court, judicial district of Tolland at Rockville, Docket No. 66240 (September 9, 1998, Kaplan, J.); Hurt v. Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163406 (August 28, 1998, D'Andrea, J.) (22 Conn.L.Rptr. 554); Rios v.Kozlowski, Superior Court, judicial district of Hartford at Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn.L.Rptr. 564).
The defendants' motions to strike counts 5, 13 and 31 of the amended complaint are granted.
Koletsky, J.